Argued and submitted March 8, reversed and remanded with instructions September 18, reconsideration denied November 8, 1985, petition for review allowed January 7, 1986 (300 Or 470)
Appeal dismissed March 31, 1986 (300 Or 705)

## CIT CORPORATION,
*Appellant,*

*v.*

## NIELSON LOGGING CO. et al,
*Respondents.*

### (16-82-05987; CA A31470)

706 P2d 967

William H. Martin, Eugene, argued the cause for appellant. With him on the briefs were Gleaves, Swearingen, Larsen and Potter, Eugene.

F. William Honsowetz, Eugene, argued the cause for respondents. With him on the brief were John Mark, and Mills, Lombard, Gardner, Honsowetz, Brewer and Schons, Eugene.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This action concerns the resale of collateral after defendants' default on a security agreement. ORS 79.5040. Plaintiff sought a deficiency judgment for the difference between the debt, plus personal property taxes and expenses incurred in retaking and reselling the collateral, and the proceeds obtained from the sale of the collateral. Defendants denied the debt and affirmatively alleged that the sale of the collateral was commercially unreasonable. ORS 79.5070.

The jury returned a verdict for plaintiff in the amount of $8,393.03. The trial judge determined that the jury's answers to the interrogatories in the special verdict form were inconsistent with its general verdict and entered judgment for defendants. ORCP 61C. We conclude that the verdict form is consistent and reinstate the verdict.

Nielson Logging is a partnership consisting of defendants Nielson. In February, 1980, defendants purchased a hydraulic log loader. The purchase was financed. Plaintiff took a security interest in the log loader and in defendants' tractor. The security agreement provided that, in case of default, defendants would be liable to plaintiff for any deficiency remaining on the debt after a disposition sale and for reasonable attorney fees.

Defendants had difficulty making the payments. In April, 1982, they were in default, having failed to pay the monthly installments and personal property taxes assessed against the equipment. In May, plaintiff repossessed the log loader and the tractor. In June, the equipment was sold to plaintiff at a public auction.

After the sale, plaintiff continued to seek buyers for the equipment. It sold the tractor for $28,000 and the log loader for $167,500. Both amounts were credited to defendants' account. Demand was made on defendants to pay the deficiency. They refused, and this action followed. The jury returned a special verdict, which was received by the court without objection, and the jury was discharged. Defendants then filed a "Motion for Judgment N.O.V. and for Judgment in Accordance With Interrogatories Inconsistent With the General Verdict." The trial court granted defendants' motion

and, pursuant to ORCP 61C,[1] entered a verdict in defendants' favor.

Plaintiff makes three assignments of error; we need decide only the first, which contends, *inter alia,* that the jury's verdict complied with the special verdict form and applicable law. The special verdict provided:

"1.    After repossession, but before making any adjustment for expenses of resale of the equipment, what amount, if any, do you find was owing from Defendants to Plaintiff?

"$224,402.40

"2.    Do you find that the Plaintiff incurred any reasonable expenses in retaking, holding, preparing and advertising the equipment for sale?

"  X   YES

"  ___  NO

"If your answer is YES, state the amount of such expenses:

"$1,587.88

"3.    Do you find that Plaintiff incurred any expenses for personal property taxes in connection with the equipment?

"  X   YES as stipulated

"  ___  NO

"If you answer YES, state the amount of such expense:

"$6,805.15 as stipulated

"4.    Add the amounts in questions 1, 2 and 3 and write the answer here:

"$232,795.43

---

[1] ORCP 61C provides:

"The court may submit to the jury * * * written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such * * * instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and the answers shall be entered. When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more are likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial."

"5. What amount did Plaintiff derive from the sale of the equipment?

"$195,500.00

"6. Subtract the amount in question 5 from the amount in question 4 and write the answer here:

"37,295.43

"7. Do you find that CIT's sale of the equipment after repossession was commercially reasonable?

" ___ YES

" X NO

"If your answer to question 7 is YES, enter your judgment in question 10 for the Plaintiff for the amount in question 6.

"If your answer to question 7 is NO, continue to the next question.

"8. What was the actual fair market value of the equipment on the date it was sold by Plaintiff?

"$224,402.40

"9. Subtract the amount in question 8 from the amount in question 4 and write the answer here.

"$8,393.03

"If your answer [is] $0 or less, enter your verdict for Defendants in question 10 below.

"If your answer is more than $0, enter that amount as your verdict for Plaintiff in question 10 below.

"10. We, the jury, being first duly sworn and empanelled, render our verdict in favor of the:

" X Plaintiff, in the amount of $8,393.03

" ___ Defendants."

The trial court concluded that the jury's answers to questions 1, 7 and 8 of the special verdict form contradicted its verdict for plaintiff (question 10).

The disposition of collateral following default is controlled by ORS 79.5040 and 79.5070. ORS 79.5040 provides, in part:

"(1) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then

condition or following any commercially reasonable preparation or processing. * * * The proceeds of the disposition shall be applied in the order following to:

"(a)  The reasonable expenses of retaking, holding, preparing for sale or lease, selling, leasing and the like * * *.

"(b)  The satisfaction of indebtedness secured by the security interest under which the disposition is made.

"* * * * *

"(2)  If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus, and unless otherwise agreed, the debtor is liable for any deficiency. * * *

"(3)  Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. * * *"

ORS 79.5070 provides in part:

"(1)  * * * If the disposition has occurred the debtor * * * has a right to recover from the secured party any loss caused by failure to comply with the provisions of ORS 79.5010 to 79.5070."

■  A creditor's failure to sell the collateral in a commercially reasonable manner pursuant to ORS 79.5040(3) gives rise to a presumption that the collateral was worth the amount of the outstanding debt at the time of the default. *All-States Leasing v. Ochs,* 42 Or App 319, 600 P2d 899 (1979). In *Ferrous Financial Services Co. v. Wagnon,* 70 Or App 285, 291, 689 P2d 974 (1984), we held that a creditor is entitled to recover the *commercially reasonable* costs of resale under ORS 79.5040(1)(a), despite a sale that is determined to have been commercially unreasonable in some other respect. In the present case, the jury was instructed:

"If you find that the collateral was not sold in a commercially reasonable manner, a presumption arises which holds that the collateral has a fair market value that was equal to the amount of the unpaid debt owing at the time of default. In such a situation, there can be no deficiency, unless the secured party proves that the fair market value of the equipment * * * was less than the amount of the debt. In that kind of an event, the secured party is entitled to a deficiency in the amount

equal to the difference between the fair market value and the amount of the debt."

■■ The jury, by the special verdict form, found that the sale was commercially unreasonable. The jury also found that plaintiff had incurred commercially reasonable expenses of $8,393.03 (sale expenses of $1,587.88 and taxes of $6,805.15). That sum represents the commercially reasonable expenses of resale that plaintiff was entitled to recover under ORS 79.5040(1)(a). The special jury findings are internally consistent and consistent with ORS 79.5040 and 79.5070,[2] as interpreted by *All-States Leasing v. Ochs, supra,* and *Ferrous Financial Services Co. v. Wagnon, supra.*

Reversed; remanded with instructions to reinstate jury verdict and enter judgment thereon.

---

[2] The debtor is entitled to any "loss" caused by the creditor's failure to sell the collateral in a commercially reasonable manner. ORS 79.5070(1). The measure of the loss is the difference between the price actually obtained and the price that could have been obtained by proceeding in a commercially reasonable manner.

Plaintiff's recovery was computed as follows:

| | | |
|---|---|---|
| Debt | 224,402.40 | |
| Sale expenses | 8,393.03 | |
| | 232,795.43 | |
| Actual sale price | (195,500.00) | |
| Deficiency | 37,295.43 | (FMV 224,402.40 − sale |
| "Loss" | (28,902.40) | price 195,500 = 28,902.40) |
| Verdict for Plaintiff | 8,393.03 | |

*See Ferrous Financial Services Co. v. Wagnon, supra,* 70 Or App at 289 n 2.